# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

KIMBERLY L. MARTIN,

      Plaintiff,

v.

NEBRASKA METHODIST HEALTH SYSTEM,

      Defendant.

CASE NO. 8:17-cv-121

**STIPULATED PROTECTIVE ORDER**

This matter is before the Court on the parties' Joint Motion for Protective Order. ([Filing No. 24](#)). Good cause having been shown, this motion is granted as follows:

1.     <u>DEFINITIONS</u>. Limitations under this Protective Order on the use or disclosure of documents, deposition testimony or other discovery designated as "Confidential" shall apply to (a) all information, copies, extracts and complete or partial summaries prepared or derived from such documents or testimony; (b) portions of deposition transcripts, answers to interrogatories, responses to requests for admissions, responses to requests for production, initial disclosures and exhibits thereto which directly refer or directly relate to any such information, documents, copies, extracts or summaries; and (c) portions of briefs, memoranda or any other writing filed with the Court and exhibits thereto which directly relate to any such information, documents, copies, extracts or summaries.

    a.     "Confidential Material" or "Confidential Documents" shall mean all documents, material, and information entitled to protection under Fed. R. Civ. P. 26(c) and designated pursuant to paragraph 2 hereof, including, but not limited to, interrogatory answers, documents produced during discovery by any party in this action, whether produced voluntarily, in response to an informal request, pursuant to Fed. R. Civ. P. 26(c) or in response to a formal discovery request, or pursuant to the order of a court of competent jurisdiction, deposition testimony and/or transcripts, and any portions of any pleadings or other court papers that quote from or

summarize any of the foregoing.

b. "Requesting Party" shall mean any party requesting documents or information pursuant to Fed. R. Civ. P. 26(c), conducting a deposition pursuant to Fed. R. Civ. P. 30 and 31, propounding interrogatories pursuant to Fed. R. Civ. P. 33, requesting the production of documents pursuant to Fed. R. Civ. P. 34 or pursuant to a subpoena duces tecum served upon any person or entity in this proceeding, and/or otherwise seeking discovery herein.

c. "Producing Party" shall mean any person or entity on whom a discovery request, in whatever form, has been propounded in this action.

2. CONFIDENTIAL DOCUMENTS. Before produced documents are copied or inspected, the producing party may stamp as "Confidential" any document or deposition testimony it believes contains confidential or proprietary business information, information concerning non-parties or subject to privacy rights, including without limitation, HIPAA protected or medical information, and/or trade secrets in order to limit disclosure as set forth in this Paragraph 2. Documents may also be designated as "Confidential" by written notice to opposing counsel which identifies the documents so designated by Bates number. The parties may further restrict such designations for proprietary/trade secret information as "Confidential for Attorney Eyes Only" in which case only attorney may have copies of the documents and may not provide copies to any third party or their client except upon order of the Court or written permission of the producing party. The attorney may, however, review the documents marked "Confidential for Attorney Eyes Only" with their client, in their office so long as counsel is present with the party during any such review. Documents designated "Confidential," deposition testimony so designated, and information derived therefrom will be retained by counsel and will not be used for any purpose other than this litigation and will not be disclosed except pursuant to court order entered after notice, to anyone except:

a. Counsel who have signed this Order approving it as to form and content, attorneys who are employed or are members of the law firms or counsel who have signed this Order, in house counsel, law clerks, secretaries, or paralegals directly involved in the conduct of this litigation;

b.  Experts and consultants (or any employee of such outside expert or consultant) retained, or sought to be retained by counsel by either of the parties for purposes of assisting in the preparation or presentation of claims or defenses. for purposes of consulting, and/or testifying in this Proceeding, and to whom counsel in good faith has deemed disclosure of such "Confidential" material is reasonably necessary in order to assist in the preparation or the conduct of this Proceeding.  This paragraph shall not relieve, change or otherwise affect any obligations or limitations imposed on any person by contract or law regarding disclosure or use of trade secrets or other confidential or propriety information.

c.  Any deposition or trial witness, during the course of deposition or trial testimony or preparation for a deposition or trial testimony, when necessary to the testimony of such witness;

d.  Outside photocopying, data processing, graphical production services, or any other third-party litigation support vendor employed by the parties or their counsel to assist in this Proceeding.

e.  Any person who was involved in the preparation of the document;

f.  The Court, Court personnel, court reporters, jurors and similar personnel;

g.  The named parties to this case, excluding their agents and/or representatives except those identified at Paragraph 2(a) above.

h.  Individuals selected by a party to this Action for the purposes of conducting focus groups or mock trials; and,

i.  Any other person with the prior written consent of the party producing the document, pleading or deposition testimony. Prior to receiving or being shown such documents or deposition testimony, persons falling in the categories listed above in subparagraphs (b), (c), (d), (g), (h), and (i) shall be shown a copy of, and shall agree in writing, or on the record during trial or deposition, to be bound by the terms of this Protective Order.  During a deposition, any party asserting confidentiality of any of its documents shall ask the deponent on the record to accept the terms of this Order.  If the deponent refuses to assent, disclosure of the documents during deposition shall not constitute a waiver of confidentiality.  Under such circumstances, the witness shall sign the original deposition transcript in the presence of the court reporter and no copy of the transcript or exhibits shall be given to the deponent.

3.  **DOCUMENTS ALREADY PRODUCED**.  Any documents previously produced with the designation "Confidential" or "Subject to Protective Order" automatically shall be subject

to this Order. For any documents previously produced that were not so marked, within ten days of the entry of this Order, any party may inform the party to whom documents have been produced that it considers certain documents already produced as being subject to this Order as "Confidential."

4. <u>THIRD PARTY WITNESSES</u>. A copy of this Protective Order shall be served with a subpoena or Notice of Deposition on each third party deponent. A third party witness may designate a document as "Confidential" pursuant to this Order by stamping it with such notice prior to production or so identifying it on the record during the deposition of that third party. Either party may also designate documents produced by a third party as being "Confidential" pursuant to the terms of this Order within ten (10) days of being made aware of the content of such documents. Any document produced by a third party shall be treated as "Confidential" pursuant to the terms of this Order for such ten (10) day period and thereafter if designated as "Confidential" by either party or by the third party which produces it. The "Confidential" restrictions of this Order shall no longer apply to any document produced by a third party which has not been designated as "Confidential" by the third party or by a party within such ten (10) day period.

5. <u>CHALLENGE TO DESIGNATION</u>. Any party may challenge the "Confidential" designation of any document, by notifying all interested parties and providing the producing party thirty (30) days in which to move the Court for an Order preventing or limiting disclosure. The burden of establishing that the document or information is Confidential under the protective order is on the producing party. The parties shall in good faith attempt to resolve such disagreement before submitting it to the Court. If the producing party files such a motion within such time, the documents shall continue to be treated as "Confidential" pursuant to the terms of this Order until such time as the Court has made a ruling with respect to the motion. If no motion is

filed within that time (or such other time frame as the parties may agree) the "Confidential" restriction of this Order shall no longer apply to such document.

6. RETURN OF DOCUMENTS. Within one-hundred twenty (120) business days after the final resolution of this litigation, including all appeals, all Confidential Information shall be returned to counsel for the party or non-party that produced it, or shall be destroyed. As to those materials that contain or reflect Confidential Information, but that constitute or reflect counsel's work product, counsel of record for the parties, or non-parties, shall be entitled to retain such work product in their files in accordance with the provisions of this Order, so long as they are clearly marked to reflect that they contain information subject to this Order and may not be used in connection with any other proceeding or action.

7. USE OF DOCUMENTS. "Confidential" documents and information acquired in discovery in this litigation shall not be used for any purpose except in connection with this litigation pending in the United States District Court for the District of Nebraska, Case No. 8:17-cv-121, titled *Kimberly L. Martin v. Nebraska Methodist Health System* and shall not be used for any business, competitive, personal, private, public or other purpose. Nothing in this Order shall limit any party or person in its use of its own documents or from disclosing its own documents and information. This Order or production of any documents shall not affect the admissibility of any such document or be deemed a waiver of any objection to the admissibility of such documents. Nothing contained in this Order shall affect the right, if any, of any party or witness to make any other type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admission, requests for production of documents or questions at a deposition. Nor shall this Order be construed as a waiver by any party of any legally cognizable privileges to withhold any Confidential Information other than on a basis that it has been designated

Confidential, or of any right which any party may have to assert such privilege at any stage of this litigation.

8. <u>EXCEPTIONS</u>. The restrictions embodied in this Order shall be binding on the party to whom "Confidential" information is disclosed unless and until there is a showing that:

(1) Such information was or has become public knowledge absent a breach of this Protective Order; or

(2) The party to whom such disclosure was made had already learned such information from a third party who himself has not breached any confidential relationship which may have existed or exists between such third party and the party making the disclosure.

9. <u>PROTECTED HEALTH INFORMATION</u>

The parties acknowledge that some of the information produced in this case may be protected health information within the meaning of HIPAA. Consistent with 45 C.F.R. § 164.512(e)(1)(iv)(v):

a. Counsel and the party seeking protected health information shall not use or disclose the protected health information for any purpose other than the litigation or proceeding for which such information has been requested.

b. Counsel and the party requesting the protected health information shall return or destroy the protected health information (including all copies made) at the end of the litigation or proceeding.

c. Counsel and the party requesting protected health information shall request, use and disclose only the minimum necessary protected health information to conduct the litigation or proceeding.

d. Any information or documentation that falls within the meaning and protection of HIPAA need not be designated or stamped as "Confidential." Rather, the parties agree that any such information or documentation will automatically be treated as Confidential.

10. <u>FILING RESTRICTED DOCUMENTS WITH THE COURT</u>. The parties shall follow Local Rule 5.3(c) with respect to filing items subject to protective order with restricted access.

11.     <u>DEPOSITION TESTIMONY</u>. Information disclosed at depositions taken in the Action may be designated as Confidential Material by the party disclosing such information by indicating on the record at the deposition that the testimony contains Confidential Material or by providing written notice to opposing counsel of the intent to designate such information as confidential within fourteen (14) days of receiving the transcript of the deposition. The designated testimony shall be marked as confidential and sealed by the court reporter and treated as Confidential Material under the terms of this Order.  Furthermore, during the fourteen (14) day period after receiving the transcript, all parties shall treat the depositions as confidential before any such designation.

12.     <u>NON-EXCLUSIVITY</u>.  This Order does not affect the right of a party to seek to compel disclosure or production of a document or to seek an order modifying or limiting this Order in any aspect.  The obligations and prohibitions under this Order are not exclusive.  All other ethical, legal and equitable obligations are unaffected by this agreement.

13.     <u>NO ADMISSION</u>.  A party's compliance with the terms of this Order shall not operate as an admission that any particular Document is not (1) confidential, (2) privileged, or (3) admissible in evidence at trial.

14.     <u>WAIVER</u>.  Any waiver under this Order must be made in writing or, if at a deposition or in Court, on the record.

15.     <u>ENFORCEMENT</u>.  Any party or person subject to the obligations and prohibitions of this Order who is determined by the Court to have violated its terms is subject to sanctions imposed by the Court pursuant to the Federal Rules of Civil Procedure.

16.     <u>USE AT TRIAL</u>. The use, rules, and procedures governing the use of Confidential Information at trial shall be determined by the Court at the final pretrial conference.

17. **APPLICATION TO OTHER COURT**. If another Court or an administrative agency subpoenas or orders production of stamped "Confidential" documents which a party has obtained under the terms of this Order, such party shall promptly notify the designating party of the pending of such subpoena or order. The subpoenaed party, absent other controlling law, will not make such documents or information available until at least fourteen (14) calendar days after the producing party has been notified of the request, subpoena or order. However, this provision in no way imposes any obligation on the subpoenaed party to file anything to protect disclosure of the documents.

18. **INADVERTENT DESIGNATION**. A Producing Party that inadvertently fails to designate discovery material as "Confidential" or mis-designates discovery material as "Confidential" pursuant to this Order at the time of its production shall be entitled to make a correction to its designation within a reasonable time of the discovery of the non- or mis-designation. Such correction and notice thereof shall be made in writing accompanied by substitute copies of each item of discovery material, appropriately designated. Those individuals who received the discovery material prior to notice of non- or mis-designation by the Producing Party shall within five (5) days of receipt of substitute copies, take reasonable steps to destroy or return to the law firm representing Producing Party all copies of such mis-designated documents. The obligation to treat such material pursuant to the corrected designation shall be prospective only, and those individuals who reviewed the mis-designated discovery material prior to notice of the mis-designation by the Producing Party shall abide by the provisions of this Order with respect to all future use and disclosure of any information contained in the mis-designated materials.

19. **TIMING AND DURATION OF ORDER**. Once executed by all parties, the

Stipulation shall be by treated by the Parties as an Order of Court until it is formally approved by the Court. Upon final resolution of this litigation (including conclusion of any appeal), this Order shall remain in effect and continue to be binding, unless expressly modified, superseded, or terminated by consent of all parties or by Order of the Court. This Court expressly retains jurisdiction over this action for enforcement of the provision of this Order following the final resolution of this litigation.

Dated April 9, 2018.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge